1
2
3
4
5
6
7
8
9

FILED

2008 JAN 23  PM 3:30

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY____RM_____DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY O'KEEFE<br><br>                              Petitioner,<br><br>          v.<br><br>JEANNE WOODFORD, Director of<br>the California Department of<br>Corrections,<br><br>                              Respondents. | CASE NO. 04-CV-2088-W (JFS)<br><br>**ORDER ADOPTING REPORT<br>AND RECOMMENDATION** |

On October 19, 2004 Petitioner Timothy O'Keefe ("Petitioner"), a state prisoner proceeding *pro se*, commenced this habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for assault with a deadly weapon on a peace officer. On September 29, 2005 United States Magistrate James F. Stiven issued a Report and Recommendation ("Report") recommending the Court deny Petitioner's habeas request. On December 13, 2005 Petitioner timely submitted Objections. The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1.(d.1). For the reasons outlined below, the Court **ADOPTS** the Report and

1 | **DENIES** the Petition.

2 |     **I.**    <span style="font-variant: small-caps">Background</span>

3 |       On December 26, 2000 Petitioner broke into a University of California, San
4 | Diego ("UCSD") student apartment. A student observed the break-in and called 911.
5 | Two campus police officers responded and found Petitioner still inside the apartment.
6 | (*Report* at 1.) The officers contacted Petitioner and tried to persuade him to surrender
7 | peacefully. Petitioner responded by appearing at the apartment window brandishing
8 | two large knives. (*Id.* at 2.) Despite warnings to drop the weapons, Petitioner climbed
9 | out the window and advanced towards the officers. (*Id.*) Petitioner was told that he
10 | would be shot if he did not stop and drop the knives. (*Id.*) After several more advances
11 | and warnings, both officers fired their weapons. Petitioner was struck in the chest and
12 | in the hand. (*Id.*)

13 |       On December 26, 2000 Petitioner was charged with: (1) assault with a deadly
14 | weapon on a peace officer, Cal. Penal Code § 245(c); (2) assault with a deadly weapon
15 | on a second peace officer, Cal. Penal Code § 245(c); and (3) residential burglary, Cal.
16 | Penal Code §§ 459, 460. (*Report* at 2.) The information also alleged that Petitioner
17 | had been previously convicted of five serious felonies within the meaning of California's
18 | Three Strikes Law. (*Id.*) Under these circumstances, Petitioner faced a prison term of
19 | 75 years to life. (*Id.* at 9.)

20 |       On May 1, 2001 Petitioner pleaded guilty to count (1) and admitted to four prior
21 | strike convictions. Pursuant to a written plea agreement, the district attorney agreed
22 | to drop counts (2) and (3), recommend a sentence of 25 years to life, and recommend
23 | that Petitioner receive sexual offender treatment in prison. (*Answer* at 2.) On May 30,
24 | 2001 the trial court accepted Petitioner's guilty plea, sentenced Petitioner to 25 years
25 | to life and recommended Petitioner to sexual offender treatment. (*Report* at 2.)

26 |       On October 19, 2004, after exhausting all state remedies,[1] Petitioner filed this

27 |

28 |       [1]On July 3, 2001 Petitioner pursued his direct appeal in state court by filing a Notice of Appeal and a Request for a Certificate of Probable Cause. On October 19, 2001, while the

1  habeas petition.  Petitioner asserts that he is entitled to habeas relief because: (1) he
2  was not mentally competent when he entered his guilty plea; (2) he received ineffective
3  assistance of counsel; and (3) his guilty plea was illegal under Cal. Penal Code
4  § 1170.12(g).  On September 29, 2005 the Magistrate's Report noted that a federal
5  court could not provide relief for Petitioner's third claim because it did not turn upon
6  a question of federal law.  On December 13, 2005 Petitioner conceded that claim three
7  contained no viable federal claim and withdrew the claim in the interest of judicial
8  economy.  (*Objections* at 2.)  However, Petitioner's first two claims are properly before
9  the court.

10  **II.   LEGAL STANDARD**

11       The duties of a district court in connection with a magistrate judge's report and
12  recommendation are set forth in Rule 72(b) of the Federal Rules Of Civil Procedure
13  and 28 U.S.C. § 636(b)(1).  The district court "must make a *de novo* determination of
14  those portions of the report ... to which objection is made," and "may accept, reject, or
15  modify, in whole or in part, the findings or recommendations made by the magistrate."
16  28 U.S.C. § 636(b)(1)(C); see also United States v. Raddatz, 447 U.S. 667, 676 (1980);
17  United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989).

18       Federal courts will conduct an independent review of the record to determine
19  whether the state court's decision is contrary to, or an unreasonable application of
20  clearly established Supreme Court Law. (See Delgado v. Lewis, 223 F. 3d 976, 982 (9th
21  Cir. 2000).  A state court decision is contrary to clearly established Supreme Court law
22  if it (1) applies a rule that contradicts the governing law set forth in Supreme Court
23  cases, or (2) confronts a set of facts that are materially indistinguishable from a decision

24  ──────────────────────
25  direct appeal was pending, Petitioner filed his first writ of habeas corpus in the state superior
    court.  On January 29 and April 8, 2002 Petitioner filed his second and third habeas petitions
26  respectively.  On June 20, 2002 Petitioner filed a fourth habeas petition.  On September 17,
    2003 Petitioner filed a habeas writ in the state appellate court.  On December 1, 2003
27  Petitioner filed a habeas writ with the California Supreme Court.  Across all of the petitions,
    Petitioner asserted various ineffective assistance of counsel and involuntary plea arguments.
28  (*Report* at 2-4.)

1    of the Supreme Court and nevertheless arrives at the opposite result.  <u>Williams v.</u>
2    <u>Taylor</u>, 529 U.S. 362, 405 (2000).  A state court decision is an unreasonable
3    application of the facts "if the state court identifies the correct governing legal principle
4    from [the Supreme Court's] decisions but unreasonably applies that principle to the
5    facts of the prisoner's case. <u>Id.</u> at 413.

6       The Court is not obligated to consider evidence presented for the first time in a
7    party's objection to a magistrate judge's recommendation. <u>U.S. v. Howell</u>, 231 F.3d
8    615, 621 (9th Cir. 2000); <u>see</u> Fed. Rule Civ. Proc. 72(b); <u>see also</u> 28 U.S.C. §636(b)(1).
9    Requiring the Court to hear evidence not previously presented might encourage
10   sandbagging and frustrate systematic efficiencies.  <u>Howell</u>, 231 F. 3d 615 at 622.
11   Furthermore, "[i]t would be fundamentally unfair to permit a litigant to set its case in
12   motion before the magistrate, wait to see which way the wind was blowing, and - having
13   received an unfavorable recommendation - shift gears before the district judge." <u>Id</u>. at
14   622 (citing <u>Paterson - Leitch Co. Inc. v. Massachusetts Mun. Wholesale Elec. Co.</u>, 840
15   F.2d 985, 991 (1st Cir. 1988)). [2]

16   **III.   ANALYSIS**

17      Having read and considered the underlying Petition, Report and Objections
18   thereto, the Court concludes that the Report presents a well-reasoned analysis of the
19   issues raised in the Petition.  Additionally, without conceding his claims, Petitioner's
20   Objection admits that he has failed to provide the Court with "substantial, critical,
21   relevant evidence which would provide support for [his claims]."  (*Objection* at 2.)

22      **A.   PETITIONER'S GUILTY PLEA WAS VOLUNTARY,**
            **KNOWING, AND INTELLIGENT.**
23      Petitioner contends that his guilty plea was not voluntary, knowing, or
24   intelligently made because mental illness and prescription drugs made him mentally
25
26   _____

27      [2]Petitioner's Objection raises several new theories and arguments which he would like
     to first exhaust in state court. (*Objection* at 4-15.) For that reason, the Court will not consider
28   the evidence first raised in the Objection and will deny this petition without prejudice to allow
     Petitioner to properly exhaust his state remedies should he so decide.

1  incompetent at the time of plea taking.  (*Petition* at 6.) He further asserts that a
2  privately financed psychiatric evaluation attests to his inability to think clearly when
3  he pled guilty. (*Petition* at 6.B; Ex. E.)  The Report found that Petitioner knowingly and
4  intelligently entered into his plea agreement. (*Report* at 6-8.)  Petitioner objects to the
5  Magistrate's report by merely restating his original argument that he could not
6  comprehend his plea agreement or its consequences. (*Objections* at 10-13.)

7       A criminal defendant may not plead guilty unless he is competent at the time of
8  the plea taking. See Godinez v. Moran, 509 U.S. 389, 396 (1993). Convicting a legally
9  incompetent defendant violates his due process.  See Cacoperdo v. Demosthenes, 37
10 F.3d 504, 510 (9th Cir. 1994).  The test for competency to plead guilty is whether the
11 defendant "has sufficient present ability to consult with his lawyer with a reasonable
12 degree of rational understanding" and "whether he has a rational as well as factual
13 understanding of the proceedings against him." Boag v. Raines, 769 F.2d 1341, 1343
14 (9th Cir. 1985) (citing Dusky v. United States, 362 U.S. 402, 402 (1960)).

15      A guilty plea is constitutionally valid only to the extent it is "voluntary" and
16 "intelligent."  Brady v. United States, 397 U.S. 742, 748 (1970).  In determining
17 whether a plea was knowingly, voluntarily, and intelligently made, reviewing courts
18 accord a strong presumption of truth to declarations made by defendants in open court.
19 Blackledge v. Allison, 431 U.S. 63, 74 (1977).  These declarations constitute a
20 formidable barrier in subsequent collateral proceedings. Id. at 73-74.  Additionally, a
21 state court's factual findings are presumed correct unless Petitioner rebuts them with
22 clear and convincing evidence. 28 U.S.C. § 2254(e)(1).  Allegations of coerced pleas
23 must be specific and point to a real possibility that a constitutional violation occurred.
24 Blackledge, 431 U.S. at 73-74.  The Court will not accept conclusory allegations
25 unsupported by specifics or contentions that are wholly incredible in light of the record
26 as a whole. Id. at 74.

27      As a threshold matter, Petitioner acknowledges that he has failed to present
28 sufficient evidence supporting his habeas corpus petition. (*Objections* at 2.) This Court

1  agrees. The results of Petitioner's visits with two mental health professionals prior to
2  his plea taking do not suggest he was incompetent at the time he plead guilty. On
3  March 12, 2001 Dr. Mark Kalish examined Petitioner and found that he suffered no
4  cognitive impairments. (*Report* at 6.)  On March 22, April 10 and April 11, 2001 (less
5  than 3 weeks before the plea taking) Dr. Kris Mohandie[3] examined Petitioner and
6  concluded Petitioner had significant capacity for remorse. (Id. at 7.)  The fact that
7  Petitioner asked his attorney to request a second psychological examination suggests
8  he was competent and could meaningfully consult with his attorney about his case. See
9  (*Report* at 7.)

10  Although Dr. Mohandie believed that Petitioner's proneness to anxiety and
11  depression made it difficult for him to think clearly at times, Petitioner presents no
12  evidence that suggests he did not comprehend his circumstances at the time of his plea
13  taking.  Indeed, Petitioner declared under oath that he understood and accepted the
14  plea agreement's terms.  (*Lodgment* 3 at 1-3.)  Although Petitioner alleges that
15  psychotropic medications influenced his decision to plead guilty, his claims are
16  unsupported by evidence and contrary to his prior testimony. For example, Petitioner
17  lists a variety of prescription medications he was allegedly taking. (*Objections* at 10.)
18  However, Petitioner also stated, under oath, that he had not taken any drugs in the past
19  24 hours which would prevent him from understanding what was going on in court.
20  (*Lodgment* 3 at 1.)  Nor does Petitioner provide any evidence rebutting the trial court's
21  factual finding that "[Petitioner] understands and voluntarily and intelligently waives
22  [his] constitutional right; the [Petitioner's] plea and admissions are freely and
23  voluntarily made; the [Petitioner] understands the nature of the charges and the

24

---

25  [3]The Court recognizes that Dr. Mohandie was retained after Petitioner complained that
26  Dr. Kalish did not spend enough time interviewing him. (*Report* at 7.)  The examination was
   privately funded by Petitioner's family. (*Petition* at 6.B.)  Dr. Mohandie appears to have
27  extensively researched a "suicide by cop" phenomena, which Petitioner mentions in his
28  objections and is likely to raise in his next state habeas petition. (*Petition*, Ex.E at 2; *Objections*
   at 9, 15.)

1  consequences of the plea and admissions..." (*Lodgment 2* at 29.) Aside from self-serving

2  and conclusory statements that his attorney "lied" to him about mental health

3  treatment in prison, Petitioner presents nothing to rebut the strong evidence indicating

4  that his plea was knowing, voluntary, and not coerced. (*Petition* at 6.C, 7.)

5       The October 15, 2003 state appellate court decision denying Petitioner's habeas

6  petition is the last reasoned state court decision on this issue. (*Lodgment 10.*)  The

7  court relied on Petitioner's in-court testimony and change of plea form and found his

8  plea to be knowing and voluntary.  This Court is not called to decide whether it agrees

9  with the state court's decision or whether it would have reached the same conclusion;

10 rather, the Court inquires only whether the state court's decision was objectively

11 unreasonable.  Yarborough v. Gentry, 540 U.S. 1, 5 (2003).  Based on the record, the

12 Court finds Petitioner has failed to show that the state court's determination was

13 objectively unreasonable.    Accordingly, the Court **OVERRULES** Petitioner's

14 objections and **DENIES** Petitioner's involuntary plea claim.

15       **B.   PETITIONER'S COUNSEL ACTED COMPETENTLY IN
             REPRESENTING HIM**

16     Petitioner's second ground for relief is ineffective assistance of counsel. (*Petition*

17 at 7.) He bases this claim on three grounds: (1) his trial attorney advised him to plead

18 guilty knowing that he had psychological problems and told him to lie about being on

19 drugs or medication; (2) his trial attorney led him into thinking he would receive

20 psychological treatment as part of his plea agreement, but he has since received little

21 treatment in prison; and (3) his trial attorney did not submit the psychological

22 evaluation from Dr. Mohandie to the trial court, and had the trial court read it,

23 Petitioner may not have been allowed to plead guilty.  (*Id.*)  The Report  found that

24 Petitioner's counsel performed reasonably in all respects. Petitioner's Objection restates

25 portions of his original arguments and raises new, novel grounds for relief.[4] (*Objection*

26

27       [4]Petitioner raises an additional three grounds for relief: (1) his trial attorney did not

28 pursue a reduction to Trespassing by arguing against the "specific intent" needed for burglary;
    (2) his trial attorney did not pursue a novel "suicide by cop" defense; and (3) his appellate

1  at 12.)

2       To demonstrate that counsel was ineffective, Petitioner must show that (1)

3  counsel's actions were objectively unreasonable; and (2) counsel's deficiency was

4  prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Turner v. Calderon,

5  281 F.3d 851, 873 (9th Cir. 2002). In assessing counsel's performance, courts employ

6  a strong presumption that counsel rendered adequate assistance and exercised

7  reasonable professional judgment. Strickland, 466 U.S. at 690. The fact that defense

8  counsel may have urged or encouraged Petitioner to take a plea does not establish that

9  the plea was coerced. Brady, 379 U.S. at 749. There must be some evidence that

10  Petitioner's will was overcome. Id. To show prejudice in the context of a guilty plea,

11  the petitioner must show a "reasonable probability that, but for counsel's errors, he

12  would not have pleaded guilty and would have insisted upon going to trial." Hill v.

13  Lockhart, 474 U.S. 52, 59 (1985). Because petitioner must prove both Strickland

14  elements, the court may reject his claim upon finding either that counsel's performance

15  was reasonable or that the claimed error was not prejudicial. Id. at 697.

16       Considering the strong evidence and strike priors, Petitioner's trial counsel

17  negotiated a reasonable plea agreement under the circumstances. Before the plea

18  taking, Petitioner's counsel arranged a psychological evaluation to ensure Petitioner

19  could competently plead. (Report at 10.) Rather than 75 years to life, Petitioner's plea

20  agreement recommended 25 years to life and psychological treatment. (Report at 10.)

21  Given the circumstances, trial counsel protected Petitioner's best interests and acted

22  reasonably to ensure the best possible outcome.

23       Although Petitioner contends that his counsel advised him to lie about not being

24  on any drugs during the plea taking, Petitioner presents no evidence corroborating these

25  allegations. Petitioner's unsupported accusation that counsel "told him to lie" is not

26  sufficient to prove that his "will was overcome." In sum, Petitioner presents no

27  _____

28  counsel was similarly deficient. Per Howell, this Court will not consider these unsupported
claims for the first time on Objection.

1   evidence suggesting that trial counsel acted inappropriately or otherwise unreasonably
2   coerced Petitioner into an agreement detrimental to his best interests.

3        Petitioner's trial counsel also acted reasonably in securing psychological
4   treatment for Petitioner while in prison.  The trial court accepted the plea agreement's
5   terms and recommended that Petitioner serve his sentence at a mental health facility.
6   (*Report* at 10.)  Petitioner, however, was well aware that the Department of Corrections
7   had the final say on where Petitioner would serve his sentence.  (*Lodgment 3* at 6.)
8   Petitioner presents no evidence showing that his trial counsel made any false
9   representations or promises regarding the trial court's sentencing recommendations.
10  Indeed, Petitioner has since been transferred to CMC East, one of the mental health
11  facilities recommended in the plea agreement.  (*Lodgment 13*.)

12       Petitioner's trial counsel did not act deficiently by failing to give the trial court
13  Dr. Mohandie's report.  The report did not indicate that Petitioner was incompetent
14  to stand trial or enter a guilty plea. (*Report* at 10.)  Although Petitioner asserts that the
15  report "*might* have made a difference in that [the trial judge] *might* not have allowed
16  Petitioner to plead guilty," Petitioner has not shown a "reasonable probability that a
17  more favorable outcome would have resulted if counsel had done what Petitioner
18  wished." (*Petition* at 7 (emphasis added);) <u>Strickland</u>, 466 U.S. at 694.  Thus, even if
19  trial counsel's performance was objectively unreasonable, Petitioner fails to meet
20  <u>Strickland</u>'s "prejudice" prong.

21       The March 21, 2002 state appellate court decision affirming the trial court's
22  judgment is the last reasoned state court decision on this issue. (*Lodgment* 6.)  The state
23  court found that Petitioner had been competently represented. This Court is not called
24  to decide whether it agrees with the state court's decision or whether it would have
25  reached the same conclusion; rather, the Court inquires only whether the state court's
26  decision was objectively unreasonable.  <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003).
27  Based on the record, the Court finds Petitioner has failed to show that the state court's
28  determination was objectively unreasonable.  Accordingly, the Court **OVERRULES**

1  Petitioner's objections and **DENIES** Petitioner's ineffective assistance of counsel claim.

2  **IV.   CONCLUSION AND ORDER**

3  In light of the foregoing, the Court **ADOPTS** the reasoning and findings

4  contained in the Report.  Because Petitioner's Objection raises several new arguments

5  which he would like to first exhaust in state court, the Court **DENIES WITHOUT**

6  **PREJUDICE** Petitioner's § 2254 writ of habeas corpus.  The Clerk of Court shall close

7  the district court case file.

8

9  **IT IS SO ORDERED.**

10  **DATE: January 22, 2008**

11  HON. THOMAS J. WHELAN
    United States District Court
12  Southern District of California

13

14  CC: ALL PARTIES
       HONORABLE JAMES F. STIVEN, UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28